1  PAUL L. REIN, Esq. (SBN 43053)
   AARON M. CLEFTON, Esq.  (SBN 318680)
2  REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:   510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  ALBERT TORRES, JR.

7
                    UNITED STATES DISTRICT COURT
8
              EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION
9

10
    ALBERT TORRES, JR.,                    CASE NO.
11                                         <u>Civil Rights</u>
         Plaintiff,
12                                         **COMPLAINT FOR PRELIMINARY AND
         v.                                PERMANENT INJUNCTIVE RELIEF AND
13                                         DAMAGES: DENIAL OF CIVIL RIGHTS
    CHOUHAN GROUP, LLC,                    AND ACCESS TO PUBLIC FACILITIES TO
14                                         PHYSICALLY DISABLED PERSONS, PER
                                           FEDERAL AND CALIFORNIA STATUTES
15       Defendant.                        (including CIVIL CODE §§ 51, 52, 54, 54.1,
                                           54.3 and 55; and HEALTH & SAFETY CODE
16                                         §§ 19953 *et seq.)*; INJUNCTIVE RELIEF PER
                                           TITLE III, AMERICANS WITH
17                                         DISABILITIES ACT OF 1990 (including 42
                                           USC §§ 12181 *et seq.*)**
18
                                           <u>DEMAND FOR JURY TRIAL</u>
19

20       Plaintiff ALBERT TORRES, JR. complains of Defendant CHOUHAN GROUP, LLC,

21  and each of them, and alleges as follows:

22       1.      **INTRODUCTION:** Plaintiff ALBERT TORESS, JR. is disabled as a result of

23  amputations of his toes and parts of his heels on both of his feet.  Depending on his physical

24  condition and energy level on a particular occasion, he either uses a prosthetic and a walker or a

25  wheelchair to assist him with mobility. On or about December 16, 2020, Plaintiff went to the

26  Shopping Center located at 7547 Watt Avenue North Highlands, California, to send some

27  packages at Post It Mail Center.  However, due to the lack of accessible parking spaces and lack

28  of accessible path of travel in the parking lot serving the Shopping Center, Plaintiff was forced to

1  park in a "standard" parking spot that caused him difficulty, and he risked falling in using it. In
2  order to access the Shopping Center from the designated parking spaces one must climb one step
3  up to the sidewalk. Fortunately for Plaintiff he was using his prosthetic and walker on December
4  16, 2020, so he managed to attempt to access the stores in the Shopping Center. Unfortunately,
5  however, he tripped on the curb while trying to step onto the sidewalk and aggravated a previous
6  leg injury which was healing but still fragile. Plaintiff brings this case so that he and other
7  similarly situated disabled persons do not risk injury from the inaccessible conditions at the
8  Shopping Center.

9      2.    Defendant denied disabled Plaintiff ALBERT TORRES, JR. accessible public
10 facilities, including compliant accessible parking facilities and paths of travel at the Shopping
11 Center. Plaintiff ALBERT TORRES, JR. is a "person with a disability" or "physically
12 handicapped person" who requires the use of a walker or wheelchair for mobility. He is unable to
13 use portions of public facilities which are not accessible to mobility disabled persons. On or
14 about December 16, 2020, and again on January 4, 2021, Plaintiff was denied his rights to full
15 and equal access at the Shopping Center. He was denied his civil rights under both federal and
16 California law, and continues to have his rights denied, because these facilities were not, and are
17 not now, properly accessible to physically disabled persons, including those who use assistive
18 devices for mobility.

19     3.    Plaintiff seeks injunctive relief to require Defendant to make these facilities
20 accessible to disabled persons and to ensure that any disabled person who attempts to patronize
21 the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of
22 damages for his discriminatory experiences and denial of access and of civil rights, which denial
23 is continuing as a result of Defendant's failure to provide disabled accessible facilities. Plaintiff
24 also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under
25 federal and state law.

26     4.    **JURISDICTION:** This Court has jurisdiction for this action pursuant to 28 USC
27 section 1331, for violations of the Americans with Disabilities Act of 1990, 42 USC
28 sections 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action

arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

5. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Sacramento intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff is a "qualified" physically disabled person who has difficulty in walking due to the amputation of his toes and part of his heels in both feet. He uses either a prosthetic leg and a walker or a wheelchair to assist with ambulation. He has been issued a California state placard for disabled parking and used it on the day of the incident.

8. Defendant CHOUHAN GROUP, LLC, is and was the owner, operator, lessor and/or lessee of the subject business, property and buildings at all times relevant to this Complaint.

9. The Shopping Center is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(E) of the Americans with Disabilities Act of 1990, including a shopping center or sales establishment; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*. On information and belief, the Shopping Center and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990. Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the

1   California Building Code.  Further, irrespective of the alteration history, such premises are
2   subject to the "readily achievable" barrier removal requirements of Title III of the Americans
3   with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

10.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11.   Plaintiff ALBERT TORRES, JR. and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 -19959.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violations of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

12.   Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since

1  January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever
2  each such "alteration, structural repair or addition" was carried out.  On information and belief,
3  Defendant and/or their predecessors in interest carried out new construction and/or alterations,
4  structural repairs, and/or additions to such buildings and facilities during the period Title 24 has
5  been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,
6  structural repairs, and/or additions which triggered access requirements at all relevant portions of
7  the Shopping Center, also occurred between July 1, 1970, and December 31, 1981, and required
8  access pursuant to the A.S.A. (American Standards Association) Regulations then in effect,
9  pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.
10 Further, on information and belief, additions to the building, walkways, and facilities after the
11 initial construction also occurred after January 1, 1972, triggering access requirements per Health
12 and Safety Code section 19959.  Alterations or additions after January 26, 1993, also trigger ADA
13 liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

14         13.    **FACTUAL STATEMENT**:  Plaintiff often goes to the Shopping Center located
15 at 7547 Watt Avenue, North Highlands, California.  He usually patronizes Big O Check Cashing
16 once a month, and he intermittently uses the services of Post Is Mail Center to send packages to
17 his relatives who live in other states.  He has repeatedly encountered the conditions described
18 below.

19         14.    On or about December 16, 2020, Plaintiff drove to the Shopping Center with his
20 wife so that he could mail a package at Post It Mail Center, a postal services store.  When they
21 arrived at the Shopping Center, there was a car parked in the access aisle of the one designated
22 "accessible" parking space.  This space is not accessible in multiple respects other than in name
23 only. The car parked over the access aisle did not have either a license plate or a placard which
24 would have permitted its driver to park in that space.  The driver of the car appeared to be
25 dropping off recyclables materials at the nearby recycling center.  Even had the car not been
26 parked there, this parking space was not legally accessible because it contained several steep
27 cross slopes within the access aisle, and lacked proper configuration, creating a dangerous
28 condition for persons with disabilities. Moreover, this was the *only* parking designated as a

supposedly "accessible" space, even though there should have been *two* accessible parking spaces, given the size of the parking lot and number of parking spaces there.

15. Plaintiff has seen "able bodied" persons, without any visible parking disabled placard, park in the designated accessible parking space many times during his past visits to the Shopping Center. On information and belief, Defendant has a policy of allowing non-disabled patrons to use the designated disabled parking without penalty so that they can dump their recyclables.

16. Even when the designated "accessible" parking space has been available during Plaintiff's trips to the Shopping Center, he usually decides not to park in the designated space because it was not actually accessible. The surface of the access aisle is often slippery due to runoff from materials being dropped off at the recycling center. Additionally, the path of travel leading from the access aisle of the designated "accessible" parking space to the sidewalk in front of the businesses in the Shopping Center is not properly accessible due in part to excessive slopes and cross slopes within the path of travel. In short, there is no accessible path of travel on the premises. There are also no signs indicating where an accessible route may be.

17. For reasons discussed above, on December 16, 2020, Plaintiff and his wife parked in a standard parking space which was near the entrance of Post It Mail Center. Plaintiff exited his vehicle and walked toward the entrance of the store using his walker for assistance while using his prosthetic leg. Given that there was no accessible route to his destination, he decided to use the shortest route available to him, in part to minimize his risk of falling where there were more steep slopes. When he reached the curb, he attempted to step up to the sidewalk, but he could not lift his foot high enough to reach the top of the curb. Plaintiff tripped and fell forward. Fortunately, he was able to catch himself on a bollard as he was climbing the curb, so he did not fall all the way to the ground. Plaintiff was, however, shaken by the incident and it caused him discomfort, difficulty, and embarrassment as he traveled on the premises. The ordeal made Plaintiff realize that regardless of whether he is using his walker or wheelchair, it is important for his safety to park in a properly configured designated accessible parking space with a compliant accessible path of travel leading to the businesses in the Shopping Center. Unfortunately, this is

not available there.

18. As stated previously, Plaintiff often patronizes the businesses at the Shopping Center, especially Big O Check Cashing and Post It Mail Center. Plaintiff returned to the shopping center January 4, 2021, to use the services of Big O Check Cashing. He encountered the same barriers to access in the parking lot as he had previously, including difficulty climbing the step to the pathway before entering the premises, and being deterred from attempting to use the "designated" parking space due to safety concerns.

19. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

20. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

21. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

22. Plaintiff is deterred from returning to use these facilities, because the lack of

access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the Shopping Center and its facilities, and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Plaintiff intends to return and patronize the Shopping Center once it is made accessible.

23. The acts of Defendant has proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011).   As to the Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

24. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, California and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

25. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing,

constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to attempt to patronize the Shopping Center and will continue to cause him damages each day these barriers to access continue to be present.

26. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

27. **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

28. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 27 of this Complaint and incorporates them herein as if separately re-pleaded.

29. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

30. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

31. Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

32. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

33. The actions and omissions of Defendant as herein alleged constitutes a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's actions and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory and compensatory damages to Plaintiff, according to proof.

34. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §§ 12101 *et seq***

35. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 34 of this Complaint and incorporates them herein as if separately re-pleaded.

36. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

37. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

38. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

39. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which include but is not limited to any "…shopping center, or other sales or rental establishment." 42 USC § 12181(7)(E).

40. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

41.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is proven by Defendant to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and

1   accommodations through alternative methods that were "readily achievable."

2     42. The ability to safely use parking facilities and walkways is a fundamental
3   necessity of accessing and using a shopping center. So too is the ability to enter and exit the
4   facilities, and move around the premises unimpeded by barriers to access.  Therefore, the benefits
5   of creating accessible parking do not exceed the costs of readily achievable barrier removal.
6   These costs are fundamental to doing business, like any other essential function of operating a
7   Shopping Center, such as the costs of as ensuring fire safety.  It is thus readily achievable to
8   remove these barriers.

9     43. On information and belief, as of the dates of Plaintiff's encounters at the premises
10  and as of the filing of this Complaint, Defendant's actions, policies, and physical premises has
11  denied and continues to deny full and equal access to Plaintiff and to other mobility disabled
12  persons in other respects, which violates Plaintiff's right to full and equal access and which
13  discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff
14  the full and equal enjoyment of the goods, services, facilities, privileges, advantages and
15  accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

16    44. Defendant's actions continue to deny Plaintiff's rights to full and equal access by
17  deterring Plaintiff from patronizing the Shopping Center and have discriminated and continue to
18  discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the
19  full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and
20  accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

21    45. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*,
22  Plaintiff ALBERT TORRES, JR. is entitled to the remedies and procedures set forth in
23  section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being
24  subjected to discrimination on the basis of his disabilities in violation of sections 12182 and
25  12183 of this title.  On information and belief, Defendant has continued to violate the law and
26  deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public
27  accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)
28    [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief

shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

46. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff ALBERT TORRES, JR. is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Shopping Center, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff ALBERT TORRES, JR. prays for judgment and the following specific relief against Defendant:

1. Issue a preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and to state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

  2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

  3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in amounts within the jurisdiction of the Court, all according to proof;

  4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

  5. Award prejudgment interest pursuant to Civil Code section 3291; and

  6. Grant such other and further relief as this Court may deem just and proper.

Date: January 28, 2021        REIN & CLEFTON

              */s/ Aaron Clefton*
              By AARON CLEFTON, Esq.
              Attorney for Plaintiff
              ALBERT TORRES, JR.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 28, 2021        REIN & CLEFTON

              */s/ Aaron Clefton*
              By AARON CLEFTON, Esq.
              Attorney for Plaintiff
              ALBERT TORRES, JR.