1  PAUL L. REIN, Esq. (SBN 43053)
   AARON M. CLEFTON, Esq. (SBN 318680)
2  REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone:    510/832-5001
4  Facsimile:    510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  JAMES LLEWELLYN

7  Richard Morin (SBN 285275)
   Law Office of Rick Morin, PC
8  555 Capitol Mall Suite 750
   Sacramento, CA 95814-4508
9  Phone: (916) 333-2222
   Email: legal@rickmorin.net
10
   Attorney for Defendant
11 CHOUHAN GROUP, LLC

12
13              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF CALIFORNIA
14

15 ALBERT TORRES, JR.,                    No. 2:21-cv-00167-DB
                                          <u>Civil Rights</u>
16      Plaintiff,
                                          **CONSENT DECREE AND**
17      v.                                **ORDER FOR INJUNCTIVE RELIEF FOR**
                                          **INJUNCTIVE RELIEF, DAMAGES, AND**
18 CHOUHAN GROUP, LLC,                    **ATTORNEY FEES, LITIGATION**
                                          **EXPENSES, AND COSTS**
19      Defendant.

20
21
22
23      1.      Plaintiff ALBERT TORRES, JR. filed a Complaint in this action on January

24 28, 2021, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42

25 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages

26 for discriminatory experiences, denial of access, and denial of civil rights against Defendant

27 CHOUHAN GROUP, LLC. Plaintiff has alleged that Defendant violated Title III of the

28 ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, and Health and

Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to patrons of the Shopping Center located at 7547 Watt Avenue North Highlands, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendant (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures and Administrative Procedures:**

Defendant shall perform the following remedial work:

1. Repave the entire parking lot including correcting any issues with slopes and cross slopes that exist within the current designated accessible parking space.
2. Restripe parking lot so that there are a total of 23 parking spaces, including one fully compliant van accessible parking space with complaint signage.
3. Provide a compliant accessible path of travel from the designated accessible parking space to all of the shops in the Shopping Center.
4. Create a policy of maintaining the accessible features in the parking lot and ensuring that vehicles which are illegally parked in the designated accessible parking space or access aisle of the parking space are either immediately moved or towed away

b. **Timing**: Defendant will complete construction for remediation by September 1, 2021. If unforeseen difficulties, including any delays in the permitting process or as a result of the building department, prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendant, and to approve the delay by stipulation or otherwise respond to Defendant's notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

c. Defendant or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than September 1, 2021.

        d.      If Defendant fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendant's failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek an order directing the Defendant to pay Plaintiff's reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6. The Parties have reached a separate settlement agreement regarding Plaintiff's claims for damages, attorneys' fees, and litigation expenses, which agreement fully and finally resolves Plaintiff's claims for damages, including attorneys' fees and litigation costs and expenses against Defendants. There are two equal payments due on April 30 and May 31, 2021, respectively. The Parties request that Court retain jurisdiction to enforce the monetary settlement should it become necessary.

**ENTIRE CONSENT DECREE AND ORDER:**

7. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Defendant, and any successors-in-interest. Defendant has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever

discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| 1 | Dated: April 20, 2021 | PLAINTIFF ALBERT TORRES, JR. |
| 2 | | |
| 3 | | _/s/ Albert Torres, Jr._ |
| | | ALBERT TORRES, JR. |
| 4 | | |
| 5 | Dated: April 27, 2021 | DEFENDANT CHOUHAN GROUP, LLC |
| 6 | | |
| 7 | | |
| 8 | | By: _/s/ Joga Singh_ |
| | | Print name: Joga Singh |
| 9 | | Title: CEO |
| 10 | | |
| 11 | Approved as to form: | |
| 12 | Dated: April 21, 2021 | REIN & CLEFTON |
| 13 | | |
| 14 | | _/s/ Aaron M. Clefton_ |
| | | By: AARON M. CLEFTON, Esq. |
| 15 | | Attorneys for Plaintiff |
| | | ALBERT TORRES, JR. |
| 16 | | |
| 17 | Dated: April 28, 2021 | LAW OFFICE OF RICK MORIN, PC |
| 18 | | |
| 19 | | |
| 20 | | _/s/ Rick Morin_ |
| 21 | | By: Rich Morin, Esq. |
| | | Attorneys for Defendant |
| 22 | | CHOUHAN GROUP, LLC |

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 30, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/torres0167.stip.set.ord

- 8 -
CONSENT DECREE AND ORDER
Case No. 2:21-cv-00167-DB